FILED DATE: 11/19/2021 3:59 PM 2021L011310

FILED
11/19/2021 3:59 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

15680951

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DESHAWN REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2021L011310 |
| | ) |
| FOX RIVER RESORT CLUB, a corporation, | ) |
| HOLIDAY INN CLUB VACATIONS, | ) **PLAINTIFF DEMANDS** |
| INCORPORATED, a corporation, and | ) **TRIAL BY JURY** |
| SILVERLEAF RESORTS, LLC, a limited | ) |
| liability company, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT AT LAW

NOW COMES Plaintiff, DESHAWN REED, by and through his attorneys, NOLAN LAW GROUP, and complaining against Defendants, FOX RIVER RESORT CLUB, a corporation, HOLIDAY INN CLUB VACATIONS, INCORPORATED, a corporation, and SILVERLEAF RESORTS, LLC, a limited liability company, and each of them, states as follows:

#### Facts Common to All Counts

1. On November 29, 2019, and all times herein relevant, Defendant, FOX RIVER RESORT CLUB, was and continues to be a corporation organized and existing under the laws of the State of Illinois which had and continues to have its registered office in Cook County, Illinois.

2. On November 29, 2019, and all times herein relevant, Defendant, HOLIDAY INN CLUB VACATIONS, INC., was a corporation incorporated under the laws of the State of Delaware with its place of business in the State of Florida, which did and continues to do substantial business in the State of Illinois and had and continues to have its registered office in Cook County, Illinois.

**EXHIBIT A**

1

3. Prior to March 31, 2019, SILVERLEAF RESORTS, INC., was a corporation incorporated under the laws of the State of Texas with its place of business in the State of Florida, which did substantial business in the State of Illinois and had its registered office in Cook County, Illinois.

4. On or about March 31, 2019, SILVERLEAF RESORTS, INC., was converted into Defendant, SILVERLEAF RESORTS, LLC, a limited liability company, under the law of the State of Texas. Defendant, SILVERLEAF RESORTS, LLC, has its principal place of business in the State of Florida, and is a nonresident of the State of Illinois.

5. Venue of this action is proper in Cook County, Illinois pursuant to Sections 2-101 and 2-102(a) of the Illinois Code of Civil Procedure.

6. On November 29, 2019, and all times herein relevant, Defendant, SILVERLEAF RESORTS, LLC, was the owner and developer of Fox River Resort, a resort created pursuant to a Declaration of Restrictions, Covenants and Conditions for Fox River Resort, LaSalle County, Illinois, dated November 11, 1997, and recorded under Clerk's File No. R97-18554 of the real property records of LaSalle County, Illinois ("1997 Declaration"). The Fox River Resort was and continues to be located at or near 2558 N 3653rd Road in the Village of Sheridan, Illinois.

7. On or about November 30, 2000, the 1997 Declaration was amended by an "Amended and Restated Declaration of Restrictions, Covenants, and Conditions for Fox River Resort, LaSalle County, Illinois" recorded under Clerk's File No. R2000-31258 ("2000 Amended Declaration").

8. The 2000 Amended Declaration provided that all the land and improvements subject to the 1997 Declaration, including "the administration of the affairs of Owners with respect

to the use of the units, the Common Elements, and the facilities and amenities connected therewith" were delegated to the direction and control of Defendant, FOX RIVER RESORT CLUB.

9. Prior to November 29, 2019, Defendant, SILVERLEAF RESORTS, LLC, individually or through its predecessor entity, established and/or designated one of the units of the Fox River Resort in Building "G" as Unit No. 58 (hereinafter Subject Unit"), and transferred ownership and/or sold certain Vacation Ownership Interest in the Subject Unit to private individuals and/or entities.

10. Under the terms of the 2000 Amended Declaration, prior to the transfer of any unit in the Fox River Resort development and/or its Vacation Ownership Interest being transferred from Defendant, SILVERLEAF RESORTS, LLC, through its predecessor entity, SILVERLEAF RESORTS, INC., said defendant reserved the right to modify or remodel the unit and improvements therein, including walls, floors, and plumbing fixtures, and Defendant, SILVERLEAF RESORTS, LLC, through its predecessor entity, SILVERLEAF RESORTS, INC., did, in fact, modify and remodel the floors and plumbing fixtures in the Subject Unit prior to the transfer of any Vacation Ownership Interest in the Subject Unit.

11. In or about 2015, Defendant, HOLIDAY INN CLUB VACATIONS, INCORPORATED, acquired majority ownership of the stock of SILVERLEAF RESORTS, INC., and the Fox River Resort was rebranded as the "Holiday Inn Club Vacations Fox River Resort."

12. At some time prior to March 31, 2019, Defendant, SILVERLEAF RESORTS, LLC, individually or through its predecessor entity, SILVERLEAF RESORTS, INC., delegated authority to Defendant, HOLIDAY INN CLUB VACATIONS, INCORPORATED, to perform or exercise some or all rights and duties held by SILVERLEAF RESORTS, LLC, individually or through its predecessor entity, SILVERLEAF RESORTS, INC., relating to the ownership of the

3

FILED DATE: 11/19/2021 3:59 PM    2021L011310

property, improvements, and business related to the Holiday Inn Club Vacations Fox River Resort, including those contained in the 1997 Declaration and the 2000 Amended Declaration.

13. On November 29, 2019, Plaintiff, DESHAWN REED, was invited to and did stay overnight as a guest in the Subject Unit and was otherwise lawfully present in the Subject Unit.

## Count I

## Fox River Resort Club

1-13. Plaintiff, DESHAWN REED, adopts and alleges paragraphs 1 through 13, above, as and for paragraphs 1 through 13 of Count I as though fully set forth herein.

14. That it then and there became and was the duty of Defendant, FOX RIVER RESORT CLUB, to use ordinary care for the safety of Plaintiff, DESHAWN REED, and it was the further duty of Defendant, FOX RIVER RESORT CLUB, under the Illinois Premises Liability Act, 740 ILCS 130/1, et seq., to use reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them so as not to cause injury to Plaintiff, DESHAWN REED.

15. Notwithstanding, Defendant, FOX RIVER RESORT CLUB, breached one or more of its duties of care owed to Plaintiff, DESHAWN REED, in one or more of the following manners

    (a) negligently and carelessly installed a jacuzzi tub and enclosure in the Subject Unit which created a low obstruction hazard that presented an unreasonable danger to guests;

    (b) negligently and carelessly failed to relocate or remove the jacuzzi tub and enclosure in the Subject Unit which presented a low obstruction hazard and an unreasonable danger to guests;

    (c) negligently and carelessly failed to guard against the low obstruction hazard presented by the jacuzzi tub and enclosure by installing a partial height wall or railing at a height of 42" or higher from the floor;

4

FILED DATE: 11/19/2021 3:59 PM  2021L011310

(d) negligently and carelessly failed to warn guests of the unsafe and dangerous conditions existing within the Subject Unit, including the low obstruction tripping hazard and dangers presented by the jacuzzi tub and enclosure;

(e) negligently and carelessly rented or otherwise invited or permitted occupation of the Subject Unit by guests when it knew or should have known the low obstruction hazard and dangers presented by the jacuzzi tub and enclosure;

(f) otherwise negligently and carelessly breached its duty of care to Plaintiff in further particulars to be determined through discovery in this action.

16. On November 29, 2019, and as a direct and proximate cause of one or more of the foregoing breaches of duty by Defendant, FOX RIVER RESORT CLUB, Plaintiff, DESHAWN REED, was caused to and did trip and fall headfirst into a jacuzzi tub, which further caused him to suffer serious injuries to his person, including fractures in his cervical spine, severe central cord syndrome, and resulting paralysis and paresis.

17. As a result of the aforesaid injuries Plaintiff, DESHAWN REED, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer loss of a normal life, disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has incurred and will in the future incur a loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

WHEREFORE, Plaintiff, DESHAWN REED, prays for judgment in his favor and against Defendant, FOX RIVER RESORT CLUB, a corporation, in a sum in excess of the minimum jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together prejudgment interest and the costs of this action.

FILED DATE: 11/19/2021 3:59 PM 2021L011310

## Count II

## Holiday Inn & Silverleaf Resorts

1-13. Plaintiff, DESHAWN REED, adopts and alleges paragraphs 1 through 13, above, as and for paragraphs 1 through 13 of Count I as though fully set forth herein.

14. That it then and there became and was the duty of Defendants, HOLIDAY INN CLUB VACATIONS, INCORPORATED and SILVERLEAF RESORTS, LLC., and each of them, to use ordinary care for the safety of Plaintiff, DESHAWN REED, and it was the further duty of Defendants, HOLIDAY INN CLUB VACATIONS, INCORPORATED and SILVERLEAF RESORTS, LLC., and each of them, under the Illinois Premises Liability Act, 740 ILCS 130/1, et seq., to use reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them so as not to cause injury to Plaintiff, DESHAWN REED.

15. Notwithstanding, Defendants, HOLIDAY INN CLUB VACATIONS, INCORPORATED and SILVERLEAF RESORTS, LLC., and each of them, breached one or more of their duties of care owed to Plaintiff, DESHAWN REED, in one or more of the following manners

(a) negligently and carelessly installed a jacuzzi tub and enclosure in the Subject Unit which created a low obstruction hazard that presented an unreasonable danger to guests;

(b) negligently and carelessly failed to relocate or remove the jacuzzi tub and enclosure in the Subject Unit which presented a low obstruction hazard and an unreasonable danger to guests;

(c) negligently and carelessly failed to guard against the low obstruction hazard presented by the jacuzzi tub and enclosure by installing a partial height wall or railing at a height of 42" or higher from the floor;

(d) negligently and carelessly failed to warn guests of the unsafe and dangerous conditions existing within the Subject Unit, including the low obstruction tripping hazard and dangers presented by the jacuzzi tub and enclosure;

FILED DATE: 11/19/2021 3:59 PM   2021L011310

(e) negligently and carelessly rented or otherwise invited or permitted occupation of the Subject Unit by guests when it knew or should have known the low obstruction hazard and dangers presented by the jacuzzi tub and enclosure; and/or

(f) otherwise negligently and carelessly breached their respective duties of care to Plaintiff in further particulars to be determined through discovery in this action.

16. On November 29, 2019, and as a direct and proximate cause of one or more of the foregoing breaches of duty by Defendants, HOLIDAY INN CLUB VACATIONS, INCORPORATED and SILVERLEAF RESORTS, LLC., and each of them, Plaintiff, DESHAWN REED, was caused to and did trip and fall headfirst into a jacuzzi tub, which further caused him to suffer serious injuries to his person, including fractures in his cervical spine, severe central cord syndrome, and resulting paralysis and paresis.

17. As a result of the aforesaid injuries Plaintiff, DESHAWN REED, was caused to and will in the future experience great pain and suffering, has suffered and will in the future suffer loss of a normal life, disability and disfigurement, has been caused to incur and will in the future incur expenses for necessary medical care, treatment and services, has incurred and will in the future incur a loss of the value of his time, earnings, profits and salaries and has been and will be damaged in his earning capacity, and has otherwise been damaged in a personal and pecuniary nature.

FILED DATE: 11/19/2021 3:59 PM  2021L011310

WHEREFORE, Plaintiff, DESHAWN REED, prays for judgment in his favor and against Defendants, HOLIDAY INN CLUB VACATIONS, INCORPORATED, a corporation, and SILVERLEAF RESORTS, LLC, a limited liability company, and each of them, in a sum in excess of the minimum jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together prejudgment interest and the costs of this action.

                                          /s/     Ryan M. Nolan
                                    One of the Attorneys for Plaintiff

Timothy I. McArdle, Esq.
Ryan M. Nolan, Esq.
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
P: (312) 630-4000
F: (312) 630-4011
RMN@nolan-law.com